IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:17-CV-132-BO

| | |
|---|---|
| JOHNNY PITT,<br>           Plaintiff,<br><br>v.<br><br>FIRST TENNESSE BANK NATIONAL<br>ASSOCIATION and TRUSTATLANTIC<br>BANK,<br>           Defendants. | O R D E R |

This cause comes before the Court on defendants' motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff has responded, defendants have replied, and the matter is ripe for ruling. For the reasons discussed below, defendants' motion to dismiss is denied.

## BACKGROUND

Plaintiff, an African American male, filed his complaint seeking damages as well as legal, equitable, and declaratory relief under the Civil Rights Act of 1866, 42 U.S.C. § 1981. Plaintiff entered into a loan agreement with defendant TrustAtlantic Bank to obtain a mortgage on his home in 2011. Compl. ¶ 7. In August 2014, plaintiff attempted to refinance the 2011 loan to obtain a better interest rate. *Id.* He completed documentation on August 29, 2014, which demonstrated that his assets were substantially greater than his liabilities, and he was aware of lower interest rates that were being advertised and offered by TrustAtlantic Bank. *Id.* Plaintiff was issued a loan on September 26, 2014, at a higher interest rate than he anticipated, in addition to having to pay taxes and insurance separately. *Id.* ¶ 8. Plaintiff alleges that white customers received more

favorable loan terms, specifically lower interest rates, and that plaintiff was discriminated against on the basis of his race. *Id.* ¶¶ 8, 10.

Defendants have stated in the motion to dismiss that, following a merger defendant First Tennessee Bank National Association (First Tennessee) is the successor in interest to TrustAtlantic Bank, and First Tennessee is the proper defendant in this action.

## DISCUSSION

Rule 8 of the Federal Rules of Civil Procedure "requires only a short and plain statement of the claim showing that the pleader is entitled to relief" which provides "the defendant fair notice of what the claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (internal quotations, alterations, and citations omitted). A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *Papasan v. Allain*, 478 U.S. 265, 283 (1986). When acting on a motion to dismiss under Rule 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir.1993). A complaint must allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In other words, the facts alleged must allow a court, drawing on judicial experience and common sense, to infer more than the mere possibility of misconduct. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 256 (4th Cir. 2009). The court "need not accept the plaintiff's legal conclusions drawn from the facts, nor need it accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Philips v. Pitt County Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (internal alteration and citation omitted).

Title 42 section 1981 grants to all persons within the jurisdiction of the United States the same right in every state and territory to make and enforce contracts as is enjoyed by white citizens.

2

42 U.S.C. § 1981(a). "To prove a § 1981 claim, therefore, a plaintiff must ultimately establish both that the defendant intended to discriminate on the basis of race, and that the discrimination interfered with a contractual interest." *Denny v. Elizabeth Arden Salons, Inc.*, 456 F.3d 427, 434 (4th Cir. 2006). In the lending context, the elements of a § 1981 claim are that "(1) the plaintiff belongs to a protected class of individuals, (2) the plaintiff applied and was qualified for credit made available by the defendant, (3) the defendant either denied the application or approved it subject to unreasonable or overly burdensome conditions, and (4) additional evidence demonstrates a causal nexus between the harm and plaintiff's membership in a protected class." *Best Med. Int'l, Inc. v. Wells Fargo Bank, N.A.*, 937 F. Supp. 2d 685, 697 (E.D. Va. 2013) (following *Anderson v. Wachovia Mortg. Corp.*, 621 F.3d 261, 275 (3d Cir. 2010), which declined to impose comparator requirement in lending cases where plaintiffs would have difficulty identifying similarly situated individuals who were treated differently); *see also Adam v. Wells Fargo Bank, N.A.*, No. 1:09-CV-2387, 2010 WL 3001160, at *3 (D. Md. July 28, 2010) (fourth element requires a showing that other similarly situated applicants not in the protected class were treated more favorably).

The Court has reviewed the allegations in the complaint in light of the applicable standards and finds that dismissal is not warranted at this time. Plaintiff has sufficiently alleged that he is a member of a protected class, that he applied for and was eligible for refinancing, that defendant or defendants approved his application subject to burdensome conditions or, put differently, denied his application for a more favorable interest rate, and that defendants did not treat him as they did similarly situated white customers.

Although plaintiff's allegations are somewhat bare, he "need not plead facts sufficient to establish a prima facie case of race-based discrimination to survive a motion to dismiss". *Woods*

*v. City of Greensboro*, 855 F.3d 639, 648 (4th Cir. 2017). Moreover, the Court is mindful that discrimination claims are often vulnerable to premature dismissal as civil rights plaintiffs are less likely, particularly in the context of lending as discussed above, to have pre-discovery access to additional evidence of discriminatory animus to support their claim. *Id.* at 652. The Court finds that plaintiff has pled sufficient facts to nudge his claim across the line from conceivable to plausible, and thus denies the motion to dismiss. *Twombly*, 550 U.S. at 570.

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss [DE 9] is DENIED.

SO ORDERED, this 24 day of May, 2018.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE